MORGAN, LEWIS & BOCKIUS LLP
Barbara A. Fitzgerald, Bar No. 151038
Jason S. Mills, Bar No. 225126
Karen Y. Cho, Bar No. 274810
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501
barbara.fitzgerald@morganlewis.com
jason.mills@morganlewis.com
karen.cho@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
J.P. Schreiber, Bar No. 317829
Grace Johnson, Bar No. 348394
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001
jp.schreiber@morganlewis.com
grace.johnson@morganlewis.com

Attorneys for Defendant
AMAZON.COM, SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LEE, an individual<br><br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>AMAZON.COM SERVICES, LLC, and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-03216<br><br>[Riverside Superior Court Case No. CVRI2401422]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332(a), 1441 and 1446]<br><br>Date Action Filed:　March 15, 2024 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO DERRICK LEE AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, defendant Amazon.com Services, LLC, ("Amazon") removes the above-entitled action from the Superior Court of California in and for the County of Riverside to the United States District Court for the Central District of California. In support of removal, Amazon states the following:

## I. SUMMARY OF RELEVANT PROCEDURAL HISTORY

1. On or about March 15, 2024, Plaintiff Derrick Lee ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California in and for the County of Riverside, entitled *Derrick Lee v. Amazon.com Services, LLC, et al.*, Case No. CVRI2401422 (the "Complaint"), against Amazon.com Services, LLC. A true and correct copy of Plaintiff's Complaint which was served on Defendants on March 19, 2024, is attached as **Exhibit A** and is incorporated by reference.

2. Plaintiff's Complaint alleges the following causes of action: (1) disability discrimination; (2) failure to provide reasonable accommodations; (3) failure to engage in good faith interactive process; (4) retaliation; (5) failure to prevent discrimination, harassment, and/or retaliation; and (6) wrongful termination in violation of public policy.

3. On April 18, 2024, Amazon filed and served its Answer to Plaintiff's Complaint. A true and correct copy of Amazon's Answer is attached hereto as **Exhibit B.**

4. **Exhibits A and B** include all the pleadings, process and orders served upon or by defendants, or filed, in this matter before the Riverside County Superior Court.

## II. THE REMOVAL IS TIMELY

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)-(3),

which provides that a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  Amazon was served with the Summons and Complaint on March 19, 2024.  This Removal is filed on or before April 18, 2024.  Accordingly, this Notice of Removal is timely filed.

6. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

7. This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction), and it is one which Amazon may remove pursuant to 28 U.S.C. §1441.  This is a civil action where the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.[1]  While Plaintiff asserts that he is a citizen of California (Compl. ¶ 2), Defendant Amazon.com Services, LLC, is a citizen of Washington and Delaware.

### A. Complete Diversity of Citizenship Exists.

8. A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided that no defendant is a citizen of the same state in which the

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Amazon's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy exceeds the jurisdictional minimum.  Amazon maintains that each of Plaintiff's claims is without merit and Amazon is not liable to Plaintiff.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

action was brought or of the same state in which the plaintiff is a citizen. 28 U.S.C. § 1441(a), (b). The citizenship of improperly and fraudulently joined defendants must be disregarded for removal purposes. *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

9. Here, all requirements are met because Plaintiff is a citizen of California, and Amazon is a citizen of Washington and Delaware.

### 1. **Plaintiff Is a Citizen of California.**

10. "An individual is a citizen of the state in which he is domiciled[.]" *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

11. Continuing residence creates a presumption of domicile. *Washington v. Hovensa, LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Plaintiff alleges that he "is, and at all times relevant to this action was, a resident of Riverside County, California." *See* Compl. ¶ 2. Plaintiff does not allege that he was a citizen of any state other than California and there is no indication that Plaintiff is, or was, a citizen of states other than California at any time relevant to the Complaint. Thus, Plaintiff was domiciled in the State of California, and is a citizen of California for purposes of diversity jurisdiction in this matter.

### 2. **Amazon.com Services, LLC, Is a Citizen of Washington and Delaware.**

12. For purposes of diversity, the citizenship of a limited liability company is determined by looking at the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13. Amazon.com Services LLC is organized under the laws of Delaware and has its principal place of business in Seattle, Washington. Amazon.com Services LLC's only member is Amazon.com Sales, Inc. *See* Declaration of Zane Brown ("Brown Decl.") ¶ 2.

14. For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

15. Amazon.com Sales, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in Washington. *See* Brown Decl. ¶ 3. Accordingly, the citizenship of Amazon.com Services LLC is Delaware and Washington.

16. Thus, at all relevant times, Amazon's citizenship, whether Amazon.com Services LLC or Amazon.com Sales, Inc., has been Delaware and Washington, and not California.

17. Therefore, diversity exists in this action as Plaintiff is not a citizen of Washington or Delaware and Amazon is a citizen of Washington and Delaware for diversity purposes.

### 3. Doe Defendants Are Irrelevant for Purposes of Removal.

18. The Complaint also names as defendants "DOES 1 through 20." However, the citizenship of fictitious "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-

91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris*, Inc., 311 F.3d 966, 971 (9th Cir. 2002).

## IV. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

19. While Amazon denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.*, quoting H.R. Rep. No. 112-10, p. 16 (2011).

20. In determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), courts are to consider the aggregate amount of the claims and value of the claims. *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy). The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive a court of jurisdiction. *See Banta v. Am. Med. Response Inc.*, 2011 U.S. Dist. LEXIS 77558, at *4 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim").

21. "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *see also Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

22. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff alleges in his Complaint that Amazon discriminated and retaliated against him based on his disability. *See, e.g.*, Compl. ¶¶ 16-24. Plaintiff seeks to recover "compensatory damages, including without limitation lost wages, earnings, and other compensation . . . as well as damages for emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, embarrassment, fear, anxiety and anguish[.]" *See id.* Prayer for Relief, ¶ 1. Plaintiff also seeks an award of punitive damages and his attorneys' fees. *Id.* Prayer for Relief, ¶¶ 2, 5.

23. Although Plaintiff does not quantify his purported compensatory damages in the Complaint, he alleges that "[a]s a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits." Compl. ¶ 101.

24. Plaintiff was hired on or around July 4, 2021, and his employment with Amazon ended on or about March 18, 2022. Compl. ¶¶ 16, 24. At the time

his employment ended, he was a fulltime employee (i.e., expected to work no fewer than 40 hours per week) and was earning an hourly wage of $17.30, plus a Shift Pay Differential of $1.50 per hour or, when appropriate, a Double Time Shift Pay Differential of $3.00 per hour.

25. Plaintiff's Complaint alleges "lost wages, earnings, benefits, and other compensation" arising from Amazon's purportedly wrongful conduct. *See* Compl., Prayer for Relief, ¶ 1. It is presently approximately 25 months from his termination, and Plaintiff's lost past wages alone put the sum of $73,525.00 in controversy ($17.30 x 40 hours per week x 25 months = $73,525.00). Assuming only the lost past straight time Shift Pay Differential for the approximately 25 months from Plaintiff's termination, puts an additional sum of $3,060.00 in controversy ($1.59 x 40 hours per week x 25 months = $3,060.00). Accordingly, the total amount in controversy for Plaintiff's lost wages, including the straight time Shift Pay Differential for the approximately 25 months from Plaintiff's termination, is $76,585.00 ($73,525.00 + $3060.00 = $76,585.00), which exceeds the minimum threshold for the jurisdictional amount in controversy. This figure does not include any alleged lost wages or shift pay differentials that might accrue through the date of trial nor does it include the value of lost benefits in which Plaintiff participated and Amazon paid the cost, such as Group Term Life Insurance.

26. In addition, Plaintiff alleges that he "has suffered humiliation, emotional distress, and pain and anguish." *See* Compl. ¶ 49. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

27. Indeed, plaintiffs alleging emotional distress as a result of discrimination regularly seek in excess of $75,000 for such damages. *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal

upheld jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age discrimination case); *Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (jury award in excess of $75,000 in non-economic damages was upheld in a wrongful termination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000 in non-economic damages was upheld). Like the plaintiffs in these lawsuits, Plaintiff alleges that he was discriminated against based on his protected status and has suffered emotional distress as a result. Accordingly, it is reasonable to assume, solely for the purposes of establishing the amount in controversy, that the Complaint puts at issue in excess of $75,000 for alleged emotional distress damages alone.

28. A study of jury verdicts in California shows that employment discrimination verdicts are often well into the six-figures. *See* Declaration of Barbara Fitzgerald ("Fitzgerald Decl."), Ex. A. Indeed, the mean award for disability discrimination cases, like this one, was $671,196 for the time period of 2013 through 2019. *Id.*

29. Plaintiff also seeks to recover an unspecified amount of attorneys' fees. *See, e.g.*, Compl., Prayer for Relief, ¶ 5. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"). The reasonable estimation of attorneys' fees for purposes of removal is not limited to only those fees incurred as of the time of removal; rather,

it is proper to consider future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

30. Here, Plaintiff's Complaint alleges claims under FEHA, which allows a "prevailing party" to recover reasonable attorneys' fees. Cal. Gov. Code § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees"); *Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."). Should Plaintiff prevail in this action, he would be entitled to recover his attorneys' fees, which further and substantially increases the amount in controversy. Indeed, in Amazon's lead counsel's 34 years of practice in employment law disputes, the fees associated with employment disputes such as the instant matter, through trial, often well exceed $100,000.

31. Finally, Plaintiff seeks punitive damages against Amazon. Compl., Prayer for Relief, ¶ 2. Punitive damages are counted towards the amount in controversy requirement for diversity cases. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement."); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Punitive damages awards in California are routinely into the six-figures, and even seven-figures alone. See Fitzgerald Decl. ¶ 3, (citing punitive damages awards in *Frank Allen v. Radio Shack Corporation*, case number 3:11-CV-03110-WHA, (USDC, Northern District, San Francisco 2013) ($500,000 punitive damage award

in single plaintiff discrimination, retaliation, and wrongful termination case); *Daniel Webb v. Ramos Oil Co.*, Case No. CV-09-521 (Yolo Superior Ct. 2012) ($3,577,803 punitive damage award in single plaintiff wrongful termination case); *Randall Radford v. BAE Systems, San Francisco Ship Repair Inc., and Hugh Vanderspek*, Case No. CGC 09 488061 (San Francisco Superior Ct. 2011) ($420,000 in punitive damage award in single plaintiff discrimination, retaliation and wrongful termination case); *Kell v. AutoZone Inc. and Jim Kulbacki*, Case No. 07AS04375 (Sacramento Sup. Ct. 2010) ($1,231,848 punitive damage award in single plaintiff FEHA workplace harassment and disability discrimination case); *Wilma Ismen v. Beverly Hospital*, Case No. BC366198 (Los Angeles Superior Ct., Central Branch, 2008) ($825,000 in punitive damage award in single plaintiff failure to accommodate, retaliation, and wrongful termination case); *Teresa D. Green v. Las Flores Convalescent Hospital, et al.*, Case No. BC374097 (Los Angeles Superior Ct., Central Branch, 2008) ($1,237,086 in punitive damage award in single plaintiff retaliation and wrongful termination case); *James Stevens v. The Vons Companies, Inc.*, Case No. SC041162 (Ventura Sup. Ct. 2006) ($16,729,880.00 punitive damage award in single plaintiff harassment case; reduced to $1,200,000); *Gatchalian v. Kaiser Foundation Hospitals and Kaiser Foundation Health Plan* (Los Angeles Sup. Ct. 2023) (41 million award including $11.49 million in compensatory damages, $9 million for emotional distress, and $30 million in punitive damages).

32. Thus, Plaintiff would be able to recover punitive damages as well if he were to prevail.

33. While Amazon denies any and all liability to Plaintiff, as established above, the amount placed into controversy by the Complaint exceeds $75,000, exclusive of interest and costs.

## V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

34. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1441(a). This action was originally brought in the Superior Court of the State of California, County of Riverside, and arises out of Plaintiff's employment in the County of Riverside. Compl. ¶ 16. Therefore, this District encompasses the county in which this action has been pending since its inception.

35. Amazon will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of Riverside, as required under 28 U.S.C. § 1446(d).

36. If any question arises as to the propriety of the removal of this action, Amazon respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

37. By this Notice of Removal and the Exhibits attached hereto, Amazon does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

**WHEREFORE**, Amazon respectfully requests that this action be removed from the Superior Court of the State of California in and for the County of Riverside to the United States District Court for the Central District of California, and that all proceedings hereinafter in this matter take placed in the United States District Court for the Central District of California.

Dated: April 18, 2024

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Jason S. Mills*
Jason S. Mills

Attorneys for Defendant
AMAZON.COM SERVICES, LLC